IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKEEM HUTCHINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MR. OVERMYER, Superintendent, D.F.<br>OBERLANDER, *Deputy Superintendant*, MS.<br>SHEESLEY, PSS, *Individually and in their*<br>*Official Capacities*,<br><br>    Defendants. | Civil Action No. 19-0003E<br>District Judge Susan Paradise Baxter<br>Magistrate Judge Maureen P. Kelly<br><br>ECF Nos. 76, 77, 81 and 83 |

## **MEMORANDUM ORDER**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Akeem Hutchinson ("Plaintiff") is an inmate at the State Correctional Institution at Forest ("SCI – Forest") in Marienville, Pennsylvania. Plaintiff has filed this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, and alleges that Defendants Mr. Overmyer, Superintendent of SCI – Forest, D.F. Oberlander, Deputy Superintendent, and Ms. Sheesley, a psychologist employed at SCI – Forest, have acted in deliberate indifference to Plaintiff's serious mental health issues by failing to provide necessary treatment and in housing him in the Restricted Housing Unit ("RHU") despite his serious mental illness. Plaintiff alleges these acts violate his rights under the Eighth and Fourteenth Amendments of the United States Constitution. ECF No. 3.

Previously, this Court considered two motions for preliminary injunctive relief filed by Plaintiff on September 24, 2019, ECF No. 41, and October 8, 2019, ECF No. 49. Plaintiff alleged

that despite deteriorating mental health, he was housed in the Restricted Housing Unit, subject to lockdown 24 hours each day, and was denied mental health treatment. In addition, Plaintiff alleged he was denied showers for over 90 days, denied yard time for over 30 days, denied adequate food portions, and suffered the loss of personal and legal property. Plaintiff further claimed he was suffering retaliation in the form of false misconducts, cell searches, and negative comments.

Upon review of Defendants' responses to the preliminary injunction motions and exhibits in support thereof, including extensive mental health records, the Court scheduled a hearing, which was held on October 23, 2019. Plaintiff appeared by video and testified that showers and yard time were routinely available to him. However, his anxiety and fear of possible inmate or guard retribution caused him to decline opportunities to leave his cell. In addition, Plaintiff testified that psychological services were offered, but he was suspicious of the motivations of assigned staff members, and so frequently declined treatment visits.

Based upon Plaintiff's demeanor and testimony, it was unclear to the Court whether Plaintiff's allegations were the result of controlled behavior and decision-making as proffered by Defendants, or whether Plaintiff suffered an undiagnosed serious mental health condition. Accordingly, on October 28, 2019, the Court ordered Defendants to provide an independent examination by a board-certified psychiatrist, and to provide the Court with a report addressing the mental health identified concerns. ECF No. 54.

Thereafter, Plaintiff failed to file his response to Defendants' pending Partial Motion to Dismiss. Plaintiff asserted that copies of Defendants' motion and brief mailed to him by the Court were confiscated at his facility prior to delivery. The record reflects that the documents were screened in accordance with Department of Corrections' procedures and were confiscated upon a

positive finding of contamination with illicit drugs. ECF No. 56. The Court ordered Defendants to provide Plaintiff with additional copies of the confiscated documents and granted Plaintiff a further extension of time until December 19, 2019, to respond to the pending motion to dismiss. ECF No. 73.

In lieu of a response, Plaintiff filed a Motion to Stay Civil Action, requesting that this action be stayed until his release from custody in March 2020. ECF No. 74. Plaintiff's Motion to Stay was granted on December 2, 2019, and this case was ordered stayed until May 18, 2020. ECF No. 75. In addition, the pending Motion to Dismiss was dismissed without prejudice to Defendants to re-file the motion after the case is reopened. Id.

On December 5, 2019, Plaintiff filed a "Motion for a Preliminary Injunction for [Retaliation] and Temporary Restraining Order," alleging that he is suffering retaliation in the form of confiscated legal mail and the issuance of a misconduct related to the transmittal of contaminated mail. ECF No. 76. Plaintiff also alleges that he was yelled at by a corrections officer for refusing a shower. Id.

Plaintiff separately filed a Motion for Counsel, ECF No. 77, alleging that he qualifies for legal assistance at his facility to pursue this lawsuit, but assistance is not forthcoming. Plaintiff alleges his reading is at a third-grade level, and he is being threatened by SCI-Forest personnel to stop litigation. Finally, Plaintiff states that due to his incarceration, he is precluded from obtaining access to and reviewing necessary evidence, including his mental health records.

On December 6, 2019, Plaintiff filed a second "Motion for a Temporary Restraining Order and Preliminary Injunction," ECF No. 81, alleging that personnel at SCI-Forest are retaliating against him because of this lawsuit by confiscating property and legal work, issuing false

3

misconducts, assigning him to the Restricted Housing Unit, denying him appropriate mental health treatment, and denying him access to the "justice related services program" to coordinate funds for housing, food, transportation, and mental health services upon his release in March 2020. For relief, Plaintiff seeks a temporary restraining order removing him from the Restricted Housing Unit and requiring the Department of Corrections to provide treatment at an outside mental health hospital. In addition, Plaintiff requests that the Court order that he be hospitalized due to skin damage resulting from the lack of showers for over 109 days. Plaintiff further requests that the Court investigate both his mental health diagnosis and the circumstances surrounding the confiscation of court mail after a positive screening for illicit drugs. Id.

On December 10, 2019, Plaintiff filed a "Motion to Expose the Courts," ECF No. 83, alleging that he is "being tortured in the Restricted Housing Unit," and that despite making the Court aware of his circumstances, the "Courts is hiding these facts from the public eye, so this won't be exposed." Id. Plaintiff states that upon his release, he will report the conditions of his confinement to a newspaper. Id.

Defendants have filed a response to Plaintiff's motions for preliminary injunctions, and have provided the Court with declarations from personnel involved in the confiscation of Plaintiff's mail; misconduct reports related to Plaintiff's preparation of fermented "hooch" in his cell; records related to Plaintiff's daily schedule, including whether and when Plaintiff received or declined meals, showers, exercise, etc.; a statement regarding efforts made by SCI-Forest staff to assist Plaintiff with reintegration into society upon his expected release; psychiatric and psychological records, including a reassessment by a Department of Corrections psychiatrist for diagnostic and treatment protocols, and mental health contact notes for November - December

4

2019. In addition, the Court has received a video of Plaintiff's interactions with staff members related to the "hooch" incident. ECF Nos. 86-88.

The pending motions are ripe for disposition.

## II. STANDARD OF REVIEW

Temporary restraining orders and preliminary injunctions are governed under the same standard. The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

Preliminary injunctive relief is not granted as a matter of right. Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982), see also Thomas v. Pennsylvania Dep't of Corr., 3:13-cv-2661, 2014 WL 3955105, at *1 (M.D. Pa. Aug. 13, 2014) ("An injunction is an 'extraordinary remedy' that is never awarded as of right."). Rather, the decision to grant or deny such relief is committed to the discretion of the district court. United States v. Price, 688 F.2d 204, 210 (3d Cir. 1982).

Generally, preliminary injunctive relief is an extraordinary remedy that places precise burdens on the moving party, and "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d

Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). Further, where the requested preliminary injunctive relief "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnet v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982).

For a party to sustain his burden of proof that he is entitled to preliminary injunctive relief under Rule 65, he must demonstrate both a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." Sutton v. Cerullo, No. 10-1899, 2014 WL 3900235, at *5 (M.D. Pa. Aug. 8, 2014). To establish irreparable injury, "the moving party must establish that the harm is imminent and probable." Stilp v. Contino, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009). "The mere risk of injury is not sufficient to meet this standard." Id. And the burden of showing irreparable injury "is not an easy burden" to meet. Moore v. Mann, No. 13-2771, 2014 WL 3893909, at *2 (M.D. Pa. Aug 7, 2014). In assessing a motion for preliminary injunctive relief, the court must also consider the harm to the defendants and whether granting the preliminary injunction will be in the public interest. New Jersey Retail Merchants

6

Ass'n v. Sidamon-Eristoff, 669 F.3d 374, 388 (3d Cir. 2012).

**III. DISCUSSION**

**A. Motions for Injunctive Relief (ECF Nos. 76 and 81)**

Upon review of Plaintiff's allegations and the evidence of record, it is clear that Plaintiff has not established that he is entitled to preliminary injunctive relief according to the standards this Court is required to apply. Plaintiff's current claims do not deviate substantially from those asserted in his earlier motions for injunctive relief. However, in this instance, the Court has the benefit of updated mental health records, including a recent psychiatric reassessment, and daily prison records regarding Plaintiff's housing, access to showers, exercise, and meals.

It is apparent that Plaintiff is dissatisfied with his current housing and mental health treatment, which he views as an impediment to obtaining access to a full range of social services upon his release. However, Plaintiff's medical records and his own testimony demonstrate that Plaintiff's mental health is consistently evaluated during frequent encounters with appropriate mental health personnel. Plaintiff's disagreement with the course of treatment and his diagnosis cannot serve as a predicate to liability under the Fourteenth Amendment. A mere difference of opinion between the inmate and the prison's medical staff regarding the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. See McFadden v. Lehman, 968 F. Supp. 1001 (M.D. Pa. 1997); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992). The key question is whether the defendant has provided the plaintiff with some type of treatment, despite whether it is what the plaintiff wants. Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). In this respect, Plaintiff has not made a strong showing that he is likely to prevail on the merits. At most, his filings and arguments support a disagreement with the medical

7

care that he is receiving. Such disagreement is not a sufficient basis to warrant preliminary injunctive relief.

Further, Plaintiff has not shown that he will suffer irreparable injury as a result of the alleged inadequacy of mental health care. Plaintiff is being provided consistent and frequent access to mental health personnel on a basis in excess to that which his diagnosis ordinarily would require. He has been offered but declined medication, and he has demonstrated an unwillingness to discuss or identify specific impediments to his mental health. As such, Plaintiff has not shown that he will suffer any irreparable injury as a result of the alleged lack of care.

Plaintiff continues to allege that he is prevented from showering and participating in exercise outside of his cell. However, it is clear that Plaintiff's failure to partake in a shower or yard time is of his own choosing and related to his desire for an in-cell shower and disagreement with shower security and sign-up procedures. Furthermore, Plaintiff's housing in a Restricted Housing Unit in administrative custody status is the result of his stated unwillingness live in general population without access to a weapon.

Plaintiff also alleges that Defendants have retaliated against him through the issuance of a misconduct for receipt of mail that preliminarily tested positive for an illicit substance. Defendants have presented evidence that the misconduct at issue did not result in any change to Plaintiff's housing or privileges and was issued on an interim basis pending receipt of negative results after further testing. Defendants further present evidence that initial test results were likely caused by cross-contamination and that such exposure resulted in the confiscation of mail from at least three inmates. The interim misconduct was rescinded upon receipt of negative test results and its issuance caused no change to Plaintiff's terms of incarceration. Under these circumstances,

Plaintiff's retaliation claim, which is not the subject of the underlying litigation, does not provide a basis for injunctive relief. See Brathwaite v. Phelps, 602 F. App'x 847, 849 (3d Cir. 2015) (motion for preliminary injunction properly denied where alleged retaliation and constitutional violations were unrelated to the claims set forth in the complaint).

In sum, Plaintiff has not demonstrated a likelihood of success on the merits and has not shown that he suffers the risk of irreparable harm. Moreover, granting the extraordinary relief Plaintiff requests would require the Court to order his premature release from confinement and an assignment to an outside mental health hospital. This result could harm the public's interest in penological order and weighs heavily against the plaintiff in this case. Under these circumstances and upon the record presented, an assessment of the factors that govern issuance of relief under Rule 65 of the Federal Rules of Civil Procedure weighs against the Plaintiff and warrants denial of the pending motions for injunctive relief.

### B. Motion for Appointment of Counsel (ECF No. 77)

Also pending before the Court is Plaintiff's Motion for Counsel, which requires the Court to determine whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this civil action. ECF No. 77.

This is Plaintiff's third motion seeking the appointment of counsel. Plaintiff first requested the appointment of counsel on June 13, 2019. ECF No. 30. In an Order dated June 28, 2019, ECF No. 33, Plaintiff's request was denied. Plaintiff filed a renewed motion for appointment of counsel on November 7, 2019, ECF No. 56, and upon review, this Court denied the motion by Order entered on November 8, 2019. ECF No. 63. The pending motion for the appointment of counsel does not add any new averments to those set forth in his previous motions nor offer the Court any

9

basis for exercising its discretion that has not already been considered.

Consideration of the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), reveals that the appointment of counsel in this instance is not warranted. As an initial matter, it does not appear that Plaintiff's claims are meritorious such that the exercise of the Court's discretion is appropriate at this time. Plaintiff continues to demonstrate a command of the facts and the law, and an ability to present his own case at this early stage of the litigation. He has appropriately filed and responded to motions, and has identified the legal issues presented, none of which are complex. Furthermore, factual investigation does not appear necessary to resolve Plaintiff's claims, which likewise will not turn on credibility determinations or require the testimony of expert witnesses. Accordingly, balancing Plaintiff's able representation thus far with the acknowledged scarcity of available *pro bono* resources, the Court declines to exercise its discretion at this time to request counsel to represent plaintiff in the prosecution of this action. See Houser v. Folino, 927 F.3d 693 (3d Cir. 2019) (citing Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997)).

### C. Motion to Expose the Courts (ECF No. 83)

Plaintiff's Motion to Expose the Courts, ECF No. 83, does not state any legal basis for relief nor allege any facts upon which relief may otherwise be granted. It is clear that Plaintiff is dissatisfied with the Court's application of the factors that must be weighed in order to provide the requested injunctive relief. Plaintiff may seek recourse through a timely appeal to the assigned United States District Judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court. Accordingly, Plaintiff's Motion to Expose the Courts is denied as without merit.

## IV. CONCLUSION

For the foregoing reasons, upon consideration of Plaintiff's motions for injunctive relief, ECF Nos. 76 and 81, Plaintiff's Motion for Appointment of Counsel, ECF No. 77, and Plaintiff's Motion to Expose the Courts, ECF No. 83, and the brief and exhibits filed by Defendants in opposition thereto, the motions are DENIED. An appropriate Order follows.

## ORDER

AND NOW, this 21st day of January 2020, IT IS HEREBY ORDERED that Plaintiffs "Motion for a Preliminary Injunction for [Retaliation] and Temporary Restraining Order," ECF No. 76, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Counsel," ECF No. 77, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for a Temporary Restraining Order and Preliminary Injunction," ECF No. 81, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Expose the Courts," ECF No. 83, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

Akeem Hutchinson
KP-4715
SCI – Forest
PO Box 945
Marienville, PA 16239